UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD JAY LORIGO, | ) | 1:09-cv-01129 YNP [DLB] (HC) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RELIEF FROM DEFAULT |
| v. | ) | [Doc. #3] |
| | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| KEN CLARK, | ) | OF HABEAS CORPUS WITHOUT |
| | ) | PREJUDICE |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed a petition for writ of habeas corpus in this Court on June 29, 2009.  (Doc. #1.) Also, on June 29, 2009, Petitioner  moved the Court not to deny his petition on the grounds of procedural default even though the State supreme court told Petitioner that he was procedurally barred from receiving review in that court.  (Doc. #3.)

Petitioner has consented to the jurisdiction of the Federal Magistrate Judge for all matters in this action, including final disposition, pursuant to 28 U.S.C. § 636(c).  (Doc. #7.)

**BACKGROUND**

On February 27, 2009, Petitioner's writ was denied by the California Court of Appeal, Second Appellate District in a reasoned decision.  (Pet., attached Court of Appeal order; Doc. #1, 47.)

On March 11, 2009, the Supreme Court of California sent a letter to Petitioner telling him that the last day by which he could have filed a timely petition for review was March 9, 2009.  (Pet.,

attached letter dated March 11, 2009; Doc. #1, 52.)  The court then instructed Petitioner that he could file a late petition for review with an application for relief from default but warned that on March 30, 2009, the court would loose "jurisdiction to consider or grant any relief of any nature on petition for review." Id.

On April 3, 2009, the State supreme court sent Petitioner a letter telling him that if he wished to file a petition for writ of habeas corpus, that the court would send him the necessary forms for him to fill out and send back.  (Pet., attached letter dated April 3, 2009; Doc. #1, 49.)

On April 8, 2009, the State supreme court sent Petitioner a letter informing Petitioner that his "document, received 4-8-09. . . . cannot be considered by this court due to lack of jurisdiction.  Our records indicate that the Court of Appeal filed its decision on 2-27-2009.  The last day we could have entertained any pleading was 3-29-2009. (Cal. Rules of Court, rule 8.264.)" (Pet., attached letter dated April 8, 2009; Doc. #1, 50.)

On April 20, 2009, the State supreme court sent Petitioner the following letter:

> We hereby return unfiled you petition for review, which we received 4-16-2009.  A check of the Court of Appeal docket shows that the petition for writ of habeas corpus was denied on 2-27-2009.  This court lost jurisdiction to act on any petition for review 3-29-2009. (See Cal. Rules of Court, rule 8.500(e).)  Without this jurisdiction, this court is unable to consider your request for legal relief.

(Pet., attached letter dated April 20, 2009; Doc. #1, 51.)

Attached to the instant petition, Petitioner submitted a copy of a document entitled Petition for Review that had been signed by Petitioner on March 27, 2009, and sent to the California Supreme Court.  (Pet., attached Petition for Review; Doc. #1, 21 - 38.)  In that document, petition complains of the same parole denial as the instant petition.  Id.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even*

> *if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>     In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has yet to present his claims to the California Supreme Court. It is not apparent that whether the State court petition dated March 27, 2009, is the document referred to in the April 8, 2009, letter or the document referred to in the April 20, 2009, letter; however, it is apparent that the California Supreme Court sent Petitioner the proper form on which to file a petition for writ of habeas corpus. Petitioner appears to have removed the words "habeas corpus" on the front page and instead entitled the document "petition for review." While California petitions for writ of habeas corpus do not have a specific time limit in which they must be filed, petitions for review do and, according to the State court, Petitioner did not file his petition for review within that time. At this time, Petitioner has yet to succeed in filing a petition for writ of habeas corpus with the State supreme court and until that court has had a full and fair opportunity to rule on the claims presented, this Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

## ORDER

Accordingly, it is hereby ORDERED that:

1) Petitioner's motion for relief from default is DENIED and

2) The petition for writ of habeas corpus be DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:   **March 4, 2010**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California

4